UNITED STATES

v.

Sergeant John DALEY, 573–70–3177, United States Army, Fort Shafter Detachment, Military Police Activities, United States Army Support Command, Hawaii, APO San Francisco 96558.

SPCM 12208.

U. S. Army Court of Military Review.

14 Feb. 1977.

---

Appellate Counsel for the Accused: CPT Barry J. Wendt, JAGC; CPT Buren R. Shields, JAGC; LTC John R. Thornock, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Richard A. Cefola, JAGC; CPT John F. DePue, JAGC; MAJ John T. Sherwood, Jr., JAGC; COL Thomas H. Davis, JAGC.

Before COOK, DRIBBEN and DeFORD, JJ.

## OPINION OF THE COURT

DRIBBEN, Judge:

Appellant was convicted, contrary to his plea, by a military judge sitting as a special court-martial, of larceny in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The approved sentence is noted above.

According to a stipulation of facts admitted into evidence, appellant, while on duty with two other military policemen, took two damaged rugs from an unsecured area of Battery Randolph at Fort DeRussy, Hawaii on 26 March 1976. The rugs were the property of the United States and were valued at $45.00. Appellant on direct examination readily admitted taking these rugs. He testified that he believed them to be abandoned property and contended that he had no criminal intent.

Over the objection of trial defense counsel, appellant, responding to questions on cross-examination, acknowledged that on 16 May 1972, while assigned as a military policeman at Fort Carson, Colorado, he conspired with three other military policemen to commit the offense of larceny and did thereafter commit the offense by stealing furniture from the Officer's Club. Appellant further admitted that his participation in the actual theft of the furniture was in the form of operating the military vehicle in which the stolen items were transported. He also acknowledged that he had been granted immunity in order to testify against the conspirators in that incident.[1] The terms of this immunity included the following provision:

"No testimony or other information given by you [Sergeant Daley] at an Article 32 Investigation or court-martial (if the charges are referred to court-martial) in regard to the charges pending against SFC Robert G. Finney, or any information directly or indirectly derived from such testimony or other information, may be used against you in any court-martial, except in a prosecution/ or [sic] perjury or for giving false statements."

Appellant contends that admission into evidence of prior misconduct at Fort Carson was a violation of the terms of his grants of immunity. We agree and in view of our disposition of this case find it unnecessary to discuss appellant's other allegations of error.

The letters of immunity were clear and unambiguous. Neither appellant's testimony nor other information given by him in the proceedings described in those letters or derived therefrom was to be used against him in *any* court-martial except one involving perjury or false statements.

The record of trial fails to reflect any effort whatsoever by the Government to prove that the evidence of Sergeant Daley's misconduct at Fort Carson was derived from a legitimate source wholly independent of testimony or other information provided by appellant pursuant to the terms of the immunity granted to him. See *Murphy v. Waterfront Commission,* 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964); *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); *United States v. Rivera,* 23 U.S.C.M.A. 430, 50 C.M.R. 389, 1 M.J. 107 (1975). Our reading of the record of proceedings in the case at bar convinces us that the Government obtained the disputed evidence from testimony or other information provided by appellant under immunity.

That appellant suffered substantial prejudice from admission of this evidence is evident.[2] Not only did these prior acts of misconduct come before the trier of fact for

---

1. Appellant received identically worded grants of immunity from the Commander of the 4th Infantry Division and Fort Carson and the Commander of the 9th Infantry Division and Fort Lewis.

2. In the case *sub judice* this evidence was utilized to prove guilt rather than to show an accused had deliberately perjured himself as in

*Walder v. United States,* 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954) or to rebut an accused's understanding as to the limits of the immunity granted to him as in *United States v. Guttenplan,* 20 C.M.R. 764 (A.F.B.R.1955), petition denied, 6 U.S.C.M.A. 835, 20 C.M.R. 398 (1955).

consideration on the merits, but also, the trial counsel utilized this information in questioning several of appellant's character witnesses after the verdict and prior to sentencing. The trial counsel also referred to this matter in his closing argument. Because there was no overwhelming evidence of guilt, we believe that the information about the incident at Fort Carson has a material impact upon the outcome of the trial below and therefore find that admission of evidence thereof was prejudicial error.[3]

The findings of guilty and the sentence are set aside and a rehearing may be ordered by the same or a different convening authority.

Senior Judge COOK and Judge DeFORD concur.

---

3. We have considered the admissibility of this evidence only with reference to the provisions of appellant's previously granted immunity. We need not determine at this time whether such evidence derived from a legitimate source wholly independent of testimony and information provided by appellant pursuant to the grants of immunity would be admissible in evidence.